SCHOTT, Judge.
Plaintiff appeals from a dismissal of her claim for damages arising out of a fall she suffered at premises owned by defendant’s insureds, Mr. and Mrs. Wilson J. Le-Compte.
At about 8:00 A.M. on May 6, 1970, plaintiff was walking from her apartment toward her automobile, carrying several dresses over her left arm, a night case in her left hand and her automobile keys in her right hand, on her way to a baby sitting assignment.
Running parallel to the front of the house is a concrete walkway, 21 inches wide, leading from the entrance to plaintiff’s apartment on the left of the residence as one faces it to a gate entering the driveway on the right side of the house. Running perpendicular to this walk and the residence is another concrete walk leading from the sidewalk to the front steps of the main residence. At the place where the two walks intersect, there was along the walk running parallel to the main house and the one on which plaintiff was proceeding a step down of approximately four inches and then after traversing the walk from the street an incline of approximately two and a half inches. On plaintiff’s right side of the latter step-up a four and a half inch piece of the parallel walk was broken and missing from the edge of the walk and a piece of gardening slate extended into the walkway about two inches from that edge. It was at this point that plaintiff believes she caught her foot and lunged forward.
Mr. LeCompte testified that he had constructed these walks 19 years previous to the accident and all of the conditions described, and shown in various photographs introduced at the trial, are exactly as they were when the original construction took place. Plaintiff testified that she had been a tenant at the premises for 18 months and acknowledged that all of the conditions described have been the same throughout the entire period in which she had resided there.
*328 In written reasons for judgment the trial judge pretermitted the question of any negligence on the part of the LeComptes and found that plaintiff was guilty of contributory negligence barring her recovery. He found that her negligence consisted in her failure to see the broken pavement and the corrugated slate in her pathway when she admitted that she was looking ahead as she walked, and in her failure to take precaution in view of these conditions which were present in an area she had passed by daily for 18 months, the existence of which she was well aware.
We are convinced that the trial judge correctly found that plaintiff was contribu-torily negligent and consequently the judgment is affirmed.
Affirmed.